CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

June 19, 2018

LETTER TO COUNSEL:

      RE:    *Vicki Lee Harvey v. Nancy A. Berryhill, Acting Commissioner, Social Security*[1]
            Civil Case No. TJS-17-0808

Dear Counsel:

On March 24, 2017, the Plaintiff, Vicki Lee Harvey ("Ms. Harvey"), petitioned this Court to review the Social Security Administration's final decision to deny her claims for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 17 and 18.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. §636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 17, 18 & 19), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In her application for DIB and SSI, Ms. Harvey alleged a disability onset date of April 20, 2010.[3] (Tr. 206.) Her applications were denied initially and on reconsideration. (Tr. 143-45, 152-53.) A hearing was conducted before an Administrative Law Judge ("ALJ") on July 28, 2015. (Tr. 52-88.) On September 4, 2015, the ALJ found that Ms. Harvey was not disabled under the Social Security Act. (Tr. 33-45.) The Appeals Council denied Ms. Harvey's request for review (Tr. 1-4), making the ALJ's decision the final reviewable decision of the Agency.

The ALJ evaluated Ms. Harvey's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Ms. Harvey was not engaged in substantial gainful activity, and had not been engaged in

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On February 27, 2018, the case was reassigned to me.

[3] At the hearing before the ALJ, Ms. Harvey amended her onset date to May 23, 2013. (Tr. 65, 241).

substantial gainful activity since May 23, 2013. (Tr. 35.) At step two, the ALJ found that Ms. Harvey suffered from the following severe impairments: status-post right knee surgery, anxiety and bipolar disorders, and gastroesophageal reflux disorder. (*Id.*) At step three, the ALJ found that Ms. Harvey's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 37.) The ALJ determined that Ms. Harvey retained the RFC

> to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except the claimant is limited to unskilled, routine, and repetitive tasks and is restricted to occasional interaction with the public and co-workers.

(Tr. 39.)

At step four, the ALJ found that Ms. Harvey was unable to perform past relevant work. (Tr. 44.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Ms. Harvey can perform, including linen room attendant, machine packager, and order filler. (Tr. 44-45.) Therefore, the ALJ found that Ms. Harvey was not disabled under the Social Security Act. (*Id.*)

Ms. Harvey raises two arguments in this appeal. First, she argues that the ALJ erred at step five in failing to find that she was disabled because her "work background for vocational purposes is unskilled." (ECF No. 17-1 at 9). Second, she argues that the ALJ did not properly account for her moderate difficulties in maintaining concentration, persistence, and pace as required by the Fourth Circuit in *Mascio*, 780 F.3d 632. (*Id.* at 12.)

After a careful review of the ALJ's decision and the evidence in the record, I find that the ALJ did not adequately account for Ms. Harvey's limitations in concentration, persistence, and pace in the RFC determination. Because the ALJ did not properly assess Ms. Harvey's RFC, the findings made by the ALJ in reliance of the RFC cannot be said to be based on substantial evidence. In light of this finding, I decline to address Ms. Harvey's other argument.

Ms. Harvey argues that the ALJ's RFC assessment fails to take into account her limitations in maintaining concentration, persistence, and pace. (*Id.* at 13-19.) In support of this argument, Ms. Harvey relies on *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In the decision, the ALJ discussed Ms. Harvey's moderate limitations with regard to concentration, persistence, and pace as part of the step three analysis. (Tr. 38.) The ALJ stated that "[w]ith regard to concentrating, persisting, or maintaining pace, the claimant has moderate difficulties." (*Id.*) The ALJ's finding that Ms. Harvey has moderate limitations with regard to

2

concentration, persistence, and pace is supported by substantial evidence. (*See* Tr. 38-39, 94-98, 104-08, 118-22, 133-36, 469.)

However, the ALJ's RFC assessment does not account for Ms. Harvey's moderate limitations with regard to concentration, persistence, and pace. The RFC assessment limits Ms. Harvey to performing work involving "unskilled, routine, and repetitive tasks and is restricted to occasional interaction with the public and co-workers." (Tr. 39.) This limitation itself does not account for her moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Ms. Harvey might be able to perform such unskilled, routine, and repetitive tasks for a period of time but unable to sustain her performance for a full workday and workweek. Ms. Harvey's ability to perform unskilled, routine, and repetitive tasks is not the same as her ability to stay on task. *See id.*

The ALJ discussed Ms. Harvey's trip to Florida by herself in 2014 for a four-month drug rehabilitation program, and her two-week trips to Maryland's Eastern Shore in 2013 and 2015 to assist in the care of her ailing mother. (Tr. 42-43.) The Acting Commissioner attempts to convert the ALJ's cursory discussion of these trips into an explanation for why Ms. Harvey's moderate limitations in concentration, persistence, and pace do not require any restriction beyond that which is contained in the RFC determination. Even assuming that the Acting Commissioner's characterization of the ALJ's findings with regard to Ms. Harvey's trips to Florida and the Eastern Shore are correct (which Ms. Harvey disputes, *see* ECF No. 19 at 5-11), Ms. Harvey's ability to travel by herself and to care for her mother has little material bearing on her ability to concentrate and stay on task at work. Furthermore, the ALJ's finding that Ms. Harvey "would be able to complete tasks at an acceptable pace" is at odds with the finding that she has moderate limitations in concentration, persistence, and pace. The ALJ's explanations for why additional limitations in the RFC are unnecessary are inadequate.[4]

Based on this record, the Court is unable to find that the RFC determination by the ALJ represents an accurate characterization of Ms. Harvey's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. The ALJ's decision is insufficient to permit adequate review. The ALJ's reliance on Ms. Harvey's travel to Florida for drug treatment and to the Eastern Shore to take care of her mother as a proxy for her ability to persist in performing work throughout a full workday and workweek is inadequate under *Mascio*.

In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Ms. Harvey's limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding

---

[4] The ALJ also cites Ms. Harvey's lack of mental health treatment, but characterizes the lack of such treatment as an "indicat[ion] that she has some limitations." (Tr. 43.) The ALJ goes on to note that "nothing in the record supports that she cannot remain on task with normal breaks." (Tr. 43.) The ALJ's own findings and the evidence cited in support of these findings contravene this conclusion.

3

restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). On remand, the ALJ should either account for Ms. Harvey's moderate limitations in concentration, persistence, and pace, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The Court makes no finding as to the merits of the ALJ's ultimate conclusion that Ms. Harvey is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 17 & 18) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge